IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No.  4:15-CR-525 RLW |
| DAMARCUS BOYD, | ) ) ) |
| Defendant. | ) ) ) |

### ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 235), is:

☒ **DENIED** after complete review of the motion on the merits.

☒ **FACTORS CONSIDERED** (Optional)

On November 2, 2016, Defendant pleaded guilty to Conspiracy to Kidnap, in violation of 18 U.S.C. §§ 1201(a) and 1201(c).  On March 30, 2017, the Court sentenced Defendant to 180 months imprisonment.  Defendant is a 36-year-old, African American man, presently serving his sentence at Greenville FCI in Illinois, with a projected release date of August 31, 2028.

Defendant has not established an extraordinary and compelling reason for compassionate release.  Defendant cites health concerns and the pandemic as the reasons he is seeking release.  Defendant asserts that he has hypertension, which is controlled by medication, but he contends places him at a higher risk of severe illness or death from COVID-19.  Defendant also asserts that

he contracted COVID-19 in August 2020 while imprisoned in Greenville FCI. He claims that as a result of contracting COVID-19, he suffered pounding headaches, difficulty breathing, painful bowel movements, diarrhea, loss of taste and smell, and extremely dry eyes. He claims some of his symptoms have not yet subsided.

Based on the record before the Court, there is no evidence Defendant is suffering from a severe medical condition that presents an extraordinary and compelling reason to warrant modification of his sentence and immediate release from custody. The Centers for Disease Control and Prevention ("CDC") does list chronic heart conditions, such as hypertension, as possibly increasing the risk for serious illness or death from COVID-19 and recommends persons with such conditions to take precautions, such as keeping up to date with vaccines and wearing mask.[1] The Court recognizes Greenville FCI had an outbreak of COVID-19, and Defendant contracted the virus while incarcerated there. But currently, Greenville FCI is operating at a Level One. As of April 14, 2022, there were no active cases of COVID 19 in the inmate population or with staff. See https://www.bop.gov/coronavirus/ (last visited April 14, 2022). The BOP has instituted a number of procedures designed to control the spread of the virus, including the administration of over 300,000 dosages of the COVID-19 vaccine. The BOP efforts appear to be effective at controlling the spread of the virus at Greenville FCI.

The fact of the pandemic does not constitute extraordinary and compelling circumstances that can allow all prisoners to be released. The risks Defendant relies upon to support his Motion apply to him whether he is in custody, at a halfway house, or anywhere in the community.

---

[1] See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited April 4, 2022).

The Court further finds that Defendant has failed to establish he is not a danger to other persons or to the community, or that the 18 U.S.C. § 3553(a) factors weigh in favor of release. Based on the foregoing, a reduction of sentence is not warranted under 18 U.S.C. § 3582(c) or the First Step Act for extraordinary and compelling reasons.

For these reasons, Defendant's Motion for compassionate release is denied.  (ECF No. 235).

**IT IS SO ORDERED.**

_____
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of April, 2022.